UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TOTAL QUALITY LOGISTICS, LLC,

      Plaintiff,                                 Judge Timothy S. Black

v.                                           Case No. 1:17-cv-797

COVAR TRANSPORTATION d/b/a
COVAR BROKERAGE, *et al.*,

      Defendants.


**ORDER DENYING PLAINTIFF'S MOTION
TO EXTEND TEMPORARY RESTRAINING ORDER (Doc. 7)**

**I.    INTRODUCTION**

This case is before the Court on the motion of Plaintiff Total Quality Logistics, LLC ("TQL") (Doc. 7) to extend a temporary restraining order ("TRO") issued by the Clermont County Court of Common Pleas ("State Court"), and the parties' responsive memoranda (Docs. 11, 12).

As a threshold matter, the Court cannot extend an order that was issued in a manner that would violate the Federal Rules of Civil Procedure. *See Gonzalez v. Wells Fargo Bank, N.A.*, Case No. 5:12-cv-3842-EJD, 2012 U.S. Dist. LEXIS 110697, at * 5 (N.D. Cal. Aug. 7, 2012) ("If an order issued by a state court would not be supportable under federal law, a federal court cannot affirmatively extend it[.]").

## II. BACKGROUND

The following facts are taken from the limited record before the Court and are recited here for the purpose of addressing the motion to extend an order granting preliminary injunctive relief. The parties should note that any findings of fact and conclusions of law made by a district court in addressing a request for injunctive relief are not binding at a trial on the merits. *See Am. Sys. Consulting, Inc. v. Devier*, 514 F. Supp. 2d 1001, 1003 (S.D. Ohio 2007).

**A. The Parties.**

TQL is an Ohio limited liability company that is engaged in the highly competitive business of providing freight brokerage services in every state in the continental United States. (Doc.4 at ¶ 10). As a third-party logistics company, TQL does not own its own trucks. (*Id.* at ¶ 11). Instead, TQL links entities with freight with over-the-road carriers. (*Id.*) For its services, TQL receives a fee. (*Id.*)

Defendant Covar Transporation d/b/a Covar Brokerage ("Covar") is a third-party logistics broker and a direct competitor of TQL. (Doc. 4 at ¶ 14). Defendants David Minnis, John Fletcher, Todd Brazeal, Chase Walker, and Cameron Brown are former employees of TQL (collectively, the "Former TQL Employees"). (Doc. 4 at ¶¶ 1-5).

**B. Facts as Alleged by TQL.**

The Former TQL Employees were Logistics Account Executives while employed at TQL. (Doc. 9-1 at ¶ 4). In that position, they were responsible for developing customers and selling to existing customers. (*Id.*) The Former TQL Employees were usually the primary contact between TQL and its customers. (*Id.*)

In connection with their employment at TQL, each of the Former TQL Employees executed an Employee Non-Compete, Confidentiality and Non-Solicitation Agreement ("Agreement"). (Doc. 9-1 at ¶¶ 5-8). By signing the Agreement, the Former TQL Employees agreed, *inter alia*, to (1) maintain the secrecy of TQL's confidential information; (2) not solicit TQL customers for a period of one year following the termination of their employment; and (3) not compete against TQL or work for a TQL competitor for a period of one year following termination of employment with TQL. (*See*, e.g., Doc. 3-1).

The Former TQL Employees are now employed by Covar, where they hold duties similar to those they held at TQL. (Doc. 9-1 at ¶¶ 19, 22).

On November 3, 2017, TQL commenced this action in the State Court. Counsel for TQL and Defendants discussed this case as early as November 2, 2017. (Doc. 11-3 at 2).

On November 13, 2017, TQL filed a Second Amended Complaint ("SAC"). (Doc. 4). The SAC alleges that the Former TQL Employees have been in contact with TQL customers and carriers. (*Id.* at ¶ 32). The SAC alleges that the Former TQL Employees intend, unless restrained, to continue to be employed by Covar (in direct competition with TQL), to misappropriate TQL's business opportunities and trade secrets, and to unjustly enrich themselves and Covar by using the skills, contacts, business relationships, methods, and knowledge developed by TQL. (*Id.* at ¶ 37). The SAC asserts claims of breach of contract and breach of fiduciary duty against the Former TQL Defendants, and

claims of misappropriation of trade secrets, intentional interference with contract, and unfair competition against all Defendants.[1]

On November 9, 2017, TQL filed a motion for temporary restraining order, preliminary injunction, and permanent injunction. (Doc. 9). On November 20, 2017, TQL filed a separate motion for temporary restraining order against Mr. Brown, who was added as a defendant in the SAC (together, the "Motions for TRO"). (Doc. 5). The Motions for TRO asserted that Covar poached pre-trained TQL employees and, through Mr. Walker, has contacted and attempted to do business with TQL customers. (Doc. 9 at 4). TQL's Motions for TRO requested an order enjoining the Former TQL Employees from using or disclosing TQL's trade secrets, further breaching the Agreement, and from otherwise wrongfully competing with TQL. (Doc. 9 at 1). The motions also requested an order enjoining Covar from wrongfully competing with TQL, from tortiously interfering with the Agreement, and from using any TQL trade secrets. (*Id.*) Neither motion contains a certificate of service because, despite the fact that TQL's counsel had previously been in contact with Defendants' counsel regarding this litigation, TQL intentionally did not serve the Motions for TRO on Defendants. (*See* Doc. 7 at 8).

On November 20, 2017, the State Court held an *ex parte* hearing on TQL's Motions for TRO. At the hearing, TQL's counsel explained that he had intentionally not provided notice of the Motions for TRO to Defendants because, in other cases, providing

---

[1] The SAC includes a fifth "claim" for punitive damages. The Court notes that no such claim exists. *Lizard Apparel & Promotions LLC v. Impact Design, LLC*, Case No. 3:16-cv-238, 2017 U.S. Dist. LEXIS 72325, at * 23 (S.D. Ohio May 11, 2017) (holding "punitive damages" is not an independent cause of action under Ohio law).

notice made it difficult to obtain a TRO:

> I will say this, Your Honor. I have not given notice of this motion to the other side. I would say that notice should not be given because what has happened in the past in some of these cases is, is I file a motion for temporary restraining order. There's a week before my motion, and the hearing date, which is what happened in this case, and I give notice, and I've had this happen on several occasions, they – the Defendants go into a local court and attempt to, in one case they have gotten an order saying that I'm not – I'm prohibited – I'm prohibited from proceeding with my lawsuit in Ohio.

(Doc. 13 at 4).

On November 20, 2017, the State Court issued the TRO which, *inter alia*, enjoined the Former TQL Employees from working for their employer without the opportunity to be heard. (Doc. 1-3 at 395-97). Specifically, the TRO states:

> (1) The Former TQL Employees are prohibited and enjoined from accessing, using, disseminating, or otherwise distributing any TQL trade secrets or confidential information; and
>
> (2) The Former TQL Employees are prohibited and enjoined from working for Covar or any TQL competitor, including competing self-employment, within the continental United States; and
>
> (3) The Former TQL Employees are prohibited and enjoined from soliciting transportation intermediary business; and
>
> (4) The Former TQL Employees are prohibited and enjoined from contacting or communicating with any TQL customers and/or carriers for the purpose of doing business or attempting to do business with those customers or carriers; and
>
> (5) The Former TQL Employees and Covar are prohibited and enjoined from disclosing and/or communicating TQL trade secrets (including the identities and contact information of its customers) to Covar and/or to any other persons or entities.

(*Id.*)  The TRO set TQL's request for a preliminary injunction for hearing on December 1, 2017, at 11:00 a.m.  (*Id.* at 397).

On November 27, 2017, Defendants removed the case to this Court.  (Doc. 1).  On November 29, 2017, this case came before the Court for an informal preliminary conference on TQL's pending motion for preliminary injunction pursuant to Southern District of Ohio Civil Rule 65.1.  At the hearing, Defendants argued that the TRO should have never been issued because they were not notified of it nor afforded the opportunity to respond.  TQL argued that the TRO should be extended, and notified the Court of its intention to file a motion to remand for lack of subject matter jurisdiction.  On November 30, 2017, TQL filed its motion to extend the TRO.  (Doc. 7).

### III.   ANALYSIS

The Federal Rules of Civil Procedure provide that a temporary restraining order expires 14 days after entry unless the Court, for good cause, extends it for a like period or the adverse party consents to a longer extension.  Fed. R. Civ. P. 65(b)(2).

TQL argues that the State Court's entry of the TRO was intended to provide continuous injunctive relief until the hearing on TQL's motion for preliminary injunction, which the State Court scheduled for December 1, 2017.  (Doc. 7 at 5-6).  TQL argues that, by removing this case, Defendants delayed resolution of TQL's motion for a preliminary injunction and denied TQL the continued injunctive relief intended by the TRO.  (*Id.*)  Accordingly, TQL argues that the TRO should be extended.

Defendants argue that the TRO should never have issued in light of TQL's admission that it did not provide notice of the Motions for TRO.  (Doc. 11 at 5-7).

6

The Court agrees with Defendants. The Federal Rules of Civil Procedure provide that a court may issue a temporary restraining order without notice **only** if:

> (A) Specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) The movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)&(B).

The provisions of Federal Rule of Civil Procedure 65(b)(1) are mandatory and failure to comply justifies denial of a motion for temporary restraining order. *See Tugrul v. Weiner*, Case No. 1:15-cv-657, 2015 U.S. Dist. LEXIS 149627, at * 5 (S.D. Ohio Nov. 4, 2015) ("Plaintiff's motions for temporary injunctive relief should therefore be denied for failure to comply with the requirements of the Federal and Local Rules for issuance of a temporary restraining order without notice to the opposing parties."); *Alahverdian v. Nemelka*, Case No. 3:15-cv-060, 2015 U.S. Dist. LEXIS 21266, at * 2 (S.D. Ohio Feb. 23, 2015) ("Plaintiff has fulfilled neither of [the Rule 65(b)(1)] requirements, and the motion should therefore be denied.").

Here, the Motions for TRO do not contain specific facts demonstrating that TQL would incur irreparable injury before Defendants could file a response. Nor do the Motions for TRO contain a certification from TQL's attorney indicating what efforts he made to provide notice and/or the reasons why it should not be required. To the contrary, TQL deliberately chose not to provide notice of the Motions for TRO in an attempt to prevent Defendants from opposing it.

The Motions for TRO clearly failed to meet either of the prerequisites to an *ex parte* injunction provided in Federal Rule of Civil Procedure 65(b)(1). Accordingly, the TRO would not have been granted in this Court, and good cause does not exist to extend it here.

TQL presents five arguments in support of its request for extension. First, TQL argues that the Court can issue temporary restraining orders without providing notice to the opposing party. (Doc. 7 at 7-8). This argument fails as a matter of law. As explained *supra*, the Federal Rules of Civil Provide allow temporary restraining orders to issue without notice **only** if the requirements of Rule 65(b) are fulfilled.

Second, TQL argues that the State Court was fully aware that TLQ did not provide notice of the Motions for TRO to Defendants and issued the TRO anyway. (Doc. 7 at 8; Doc. 12 at 1).

This argument fails. Whether or not the State Court thought notice to Defendants was necessary is irrelevant. Once a case has been removed to federal court, its course is to be governed by federal law, including the Federal Rules of Civil Procedure. *Granny Goose Goods v. Bhd. Of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 441 (1974). The Federal Rules of Civil Procedure do not allow a party to be enjoined without notice and an opportunity to be heard except as provided in Rule 65(b)(1). The Court cannot extend an order that was issued in a manner that would violate the Federal Rules of Civil Procedure. *See Gonzalez v. Wells Fargo Bank, N.A.*, Case No. 5:12-cv-3842-EJD, 2012 U.S. Dist. LEXIS 110697, at * 5 (N.D. Cal. Aug. 7, 2012) ("If an order issued by a state

court would not be supportable under federal law, a federal court cannot affirmatively extend it[.]" (emphasis added)).

Third, TQL argues that *American Systems Consulting Inc. v. Devier*, 514 F. Supp. 2d 1001 (S.D. Ohio 2007), requires this Court to extend the TRO. (Doc. 7 at 6). In that case, just like this one, the plaintiff obtained a temporary restraining order in state court, the state court set the matter for a preliminary injunction hearing, and the defendant removed the case to federal court days before the hearing. The federal court found that good cause existed to extend the temporary restraining order because, otherwise, "Defendants will have been able to overcome continued injunctive relief simply by removing the case to this federal forum." *Am. Sys. Consulting*, 514 F. Supp. 2d at 1009. The federal court credited the state court's finding that the plaintiff would suffer irreparable harm in the absence of a temporary restraining order. *Id.* at 1010. TQL argues that this Court should similarly credit the State Court's finding that the TRO was warranted and extend the TRO to prevent it from expiring.

This argument fails. The Court need not address whether *American Systems Consulting* requires it to "credit" the State Court's substantive finding that a TRO was warranted because this action is now governed by the Federal Rules of Civil Procedure, which does not allow *ex parte* injunctive relief except in limited circumstances that are not present here. Again, the Court does not find "good cause" exists to extend an order that the Federal Rules of Civil Procedure would not have allowed to issue in the first place.

Fourth, TQL argues it had good cause for intentionally not providing Defendants notice of its Motions for TRO:

> Furthermore, TQL did not provide notice to the Defendants because on three previous case[s] after TQL provided notice to out of state Defendants/Defendants' counsel of a TRO hearing in a non-compete case, the Defendants rushed to their respective local court houses in an attempt to enjoin TQL from proceeding with its request for TRO. One case when this happened was with South Carolina counsel (albeit not this South Carolina counsel). In another case, *Bertling Logistics, INC. et al. vs. Total Quality Logistics LLC,* Cause No. 2014 38121, in Harris County, Texas, the Texas court actually granted the former TQL employee and his new company a temporary restraining order prohibiting TQL from proceeding with the Motion for TRO and the Ohio lawsuit (attached as Exhibit D). After the Ohio court determined that a Texas court could not enjoin TQL from proceeding with its first-filed Ohio lawsuit, the former TQL employee and his company sought to have TQL held in contempt of Court in the Texas lawsuit for proceeding with and obtaining the TRO.

(Doc. 7 at 8).

This argument is not well-taken. An *ex parte* temporary restraining order is "an extraordinary remedy that should only be granted if the movant carries his burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (emphasis added). The fact that TQL's counsel has had difficulty procuring temporary restraining orders in other cases does not entitle TQL to an "extraordinary remedy" enjoining Covar's business operations—and suspending the Former TQL Employees' livelihoods—without an opportunity to be heard.

Fifth, TQL argues that it would suffer immediate and irreparable harm if the TRO expired before the preliminary injunction hearing. (Doc. 7 at 10).

10

This argument is not well-taken. TQL alleged in its Motions for TRO that injunctive relief was necessary to prevent the following irreparable injury: "The Former TQL Employees will inevitably use the confidential and proprietary information gained through their employment with TQL to commandeer opportunities, customers, and corporate goodwill in a manner that cannot be undone." (Doc. 9 at 18). But the evidence before this Court is that the Former TQL Employees have not disclosed any confidential or proprietary information belonging to TQL, and Covar has instructed the Former TQL Employees to not call upon or solicit or contact any of TQL's customers. (Doc. 11-1). At this juncture, TQL's speculative injuries do not establish "good cause" to extend a TRO that would not have issued under the Federal Rules of Civil Procedure. *See Lieberman v. Husted*, 900 F. Supp. 2d 767, 781 (S.D. Ohio 2012) ("it is not enough for a party seeking injunctive relief to show a 'possibility' of irreparable harm; instead, it must be shown that irreparable injury 'is *likely* in the absence of an injunction.'") (quotation omitted).

## IV. CONCLUSION

Despite the fact that TQL was in discussions with Defendants' counsel about this lawsuit, TQL intentionally sought to obtain a TRO without providing Defendants notice or the opportunity to respond. The TRO would not have issued under the Federal Rules of Civil Procedure, and, for the foregoing reasons, good cause does not exist to extend it here. TQL's motion to extend the TRO (Doc. 7) is **DENIED**.

Within 48 hours of the filing of this Order, the parties shall meet and confer and jointly submit via email to chambers ([black_chambers@ohsd.uscourts.gov](black_chambers@ohsd.uscourts.gov)) a proposed

expedited discovery schedule and briefing schedule to resolve TQL's motions for a preliminary and/or a permanent injunction (Docs. 5, 9).

**IT IS SO ORDERED**.

Date:   12/4/17                                         *Timothy S. Black*
                                                        Timothy S. Black
                                                        United States District Judge